UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL P. LOPEZ, M.D., *et al.*, | Case No. 1:24-cv-01596-KES-CDB |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| CLINICAL SIERRA VISTA, *et al.*, | (Doc. 42) |
| Defendants. | **7-DAY DEADLINE** |

Pending before the Court is the unopposed motion of Plaintiff-Relator Daniel P. Lopez, M.D. ("Plaintiff" or "Plaintiff-Relator") for leave to file a second amended complaint ("SAC") and proposed SAC attached thereto, filed on November 10, 2025. (Doc. 42). On November 24, 2025, Defendants Clinica Sierra Vista ("CSV"), Olga Meave, M.D., and Irving Ayala-Rodriguez, M.D. (collectively, "CSV Defendants") filed a response to Plaintiffs' motion representing that CSV Defendants take no position on the motion and will address any jurisdictional challenges in a motion to dismiss under Rule 12 rather than in the context of Plaintiff's motion for leave to amend. (Doc. 44). The Court deemed the motion submitted without a hearing or oral argument. (Doc. 43).

**Relevant Background**

Plaintiff initiated this *qui tam* action with the filing of a sealed complaint on December 30, 2024. (Doc. 1). On June 25, 2025, the Court ordered the complaint be unsealed and served upon the named Defendants. (Doc. 9). On July 16, 2025, Plaintiff filed the operative, first amended

1  complaint. (Doc. 13).

2  On October 3, 2025, the Court (1) granted the parties' third stipulated request to extend time
3  for CSV Defendants to file a responsive pleading. (Doc. 37). On October 14, 2025, Plaintiff filed
4  a notice of voluntary dismissal without prejudice as to Defendants Bakersfield Memorial Hospital
5  and Dignity Health, and those Defendants were terminated as parties in this case by operation of
6  law pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Docs. 40, 41).

7  On November 10, 2025, Plaintiff filed the pending unopposed motion to amend. (Doc. 42).
8  Therein, Plaintiff asserts that the proposed SAC clarifies factual allegations, streamlines the parties
9  and causes of action, and conforms the pleading to newly discovered information. *Id.* at 2. Plaintiff
10 asserts that the SAC eliminates Bakersfield Memorial Hospital and Dignity Health as defendants,
11 leaving only CSV Defendants as the named defendants, and clarifies that Counts I and II are against
12 CSV only, and not against individual Defendants Dr. Meave or Dr. Ayala-Rodriguez. *Id.* The SAC
13 removes a claim for retaliation (EMTALA, formerly Count V) and renumbers the claims
14 accordingly. *Id.* The SAC, among other things, clarifies Plaintiff's allegations as to his EMTALA
15 claim, CSV's involvement, and Plaintiff's reasonable beliefs, and includes new allegations such as
16 to the corporate structure of Bakersfield Memorial Hospital. *Id.* at 3. Plaintiff asserts the proposed
17 SAC is filed in good faith, is timely, will not cause undue prejudice to Defendants or the added
18 parties, and is clearly not futile. *Id.* at 5. A copy of the proposed SAC is attached to the motion as
19 Exhibit 1 ("Ex. 1"). *See id.* at 9-47.

20 **Governing Law**

21 Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than
22 21 days after service of the complaint or 21 days after service of a responsive pleading or motion
23 to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff
24 has once amended their complaint, amendment may only be by leave of the court or by written
25 consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court
26 should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v.*
27 *Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992,
28

1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**Discussion**

The Court addresses the relevant factors set forth in *Western Shoshone Nat'l Council v. Molini* below.

### A. Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, there is no information before the Court suggesting bad faith on the part of Plaintiff in seeking leave to amend. That CSV Defendants do not oppose amendment confirms the absence of bad faith on the part of Plaintiff. Accordingly, this factor weighs in favor of amendment.

### B. Undue Delay

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether any delay is undue, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

The Court finds no indication her of undue delay. Plaintiff filed the motion before the parties have commenced discovery and before any responsive pleading has been filed. Additionally, Plaintiff previously apprised the Court of an intent to file a SAC on October 2, 2025. (Doc. 36). As such, this factor weighs in favor of amendment.

      **C.     Prejudice to Opposing Party**

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, CSV Defendants do not oppose Plaintiff's motion and there is no indication that they would be prejudiced by a grant of the motion. Thus, this factor weighs in favor of amendment.

      **D.     Prior Amendments and Futility of Amendment**

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Here, Plaintiff's proposed amendments would constitute the second amendment to the pleadings. The Court finds this factor to weigh neither in favor nor against granting leave to amend. Plaintiff represents that amendment would not be futile and CSV Defendants do not oppose otherwise. *See* (Doc. 42 at 6); (Doc. 44). The Court finds no clear indication of futility on the face of the proposed second amended complaint (Doc. 42, Ex. 1). Thus, this factor weighs in favor of granting leave to amend.

Because the factors enunciated in *Western Shoshone Nat'l Council v. Molini* weigh substantially in favor of amendment, the Court will grant Plaintiff's unopposed motion for leave to file the proposed second amended complaint.

5

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a second amended complaint (Doc. 42) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));

2. **Within seven (7) days** of entry of this order, Plaintiff SHALL FILE as a stand-alone docket entry the second amended complaint proposed in the motion (Doc. 42, Ex. 1); and

3. CSV Defendants' responsive pleadings shall be filed consistent with the Court's order on the parties' third stipulated request extending time for CSV Defendants to file a responsive pleading no later than 21 days following Plaintiff's filing of a second amended complaint. (Doc. 42 at 2).

IT IS SO ORDERED.

Dated:   **December 9, 2025**                    _____
UNITED STATES MAGISTRATE JUDGE

6